Hall vs. Bragg.

---

## HALL *vs.* BRAGG.

George Bragg made an instrument, in the form of a deed, which witnessed as follows : "That the said George Bragg, after his burial expenses and the payment of all just debts, in consideration of the love and affection which he has and bears to his said sons-in-law, J. T. Hall, and J. Jones, and son, T. Z. Bragg, hath given, granted and conveyed, and does, by these presents, give, grant and convey, unto 'them' all the property that he, the said Bragg, owns and is possessed of." *Held*, that the instrumet was a will, and not a deed.

Caveat, in Madison Superior Court.    Tried before Judge THOMAS, March Term, 1859.

At the trial upon the appeal, the following paper was propounded for record and probate as the last will and testament of George Bragg, deceased, viz:

Hall vs. Bragg.

State of Georgia, } This indenture, made this, the
Madison County. } 17th day of July, 1857, between Geo.
Bragg, of the above State and county, of the one part,
and Jeremiah T. Hall, son-in-law, of the same place, and
Jefferson Jones, son-in-law, and Thomas Z. Bragg, son,
of the State of Mississippi, Newton county, of the other
part, *witnesseth*, That the said George Bragg, after his
burial expenses and the payment of all just debts, in con-
sideration of the love and affection which he has and
bears to his said sons-in-law, J. T. Hall and J. Jones, and
son T. Z. Bragg, hath given, granted and conveyed, and
does, by these presents, give, grant and convey, unto said
J. T. Hall and J. Jones, sons-in-law, and T. Z. Bragg,
son, as aforesaid, and their heirs and assigns, all the prop-
erty that he, the said George Bragg, owns and is possessed
of at his death, except thirty dollars, which he gives to
Lucy Parlee, the youngest child of Pamela Tucker; all
the rest unto the said J. T. Hall and J. Jones, sons-in-
law, and T. Z. Bragg, son, to have and to hold, and for
their own use and benefit forever in fee simple.

GEORGE BRAGG, [SEAL.]

Signed and sealed in the presence of
    Attest: Wilson P. Berryman.
                    his
            William –|– Hall,
                    mark.
            R. M. Brown.

After proving the execution of the paper by the sub-
scriber's witnesses, the propounder tendered it in evi-
dence as the last will and testament of George Bragg,
deceased. Counsel for caveatrix objected to the intro-
duction of the paper, on the ground that it was not a will,
but a deed, and as such, not the subject of record and
probate in a court of Ordinary. The presiding judge
sustained the objection and excluded the paper, and coun-
sel for propounder excepted. The jury found for cavea-

trix, and counsel for propounder tendered their bill of exceptions, assigning as error said decision.

T. M. DANIEL, and G. NASH, for plaintiff in error.

HESTER & AKERMAN, *contra*.

*By the Court.*—BENNING, J., delivering the opinion.

Was the paper a deed or a will? The court below held that it was a deed, but we think that it was a will. If it was a paper that took effect, that passed any interest, at the time of its execution, it was a deed; if it was a paper that did not take effect, that did not pass any interest, until the death of its author, it was a will. This may be assumed.

If the words, "at his death," be construed as relating to the words of gift, the paper is, clearly, a will. I give at my death, nothing passes till my death. This is clear. And those words may be so construed. The sentence will readily admit the pause of a comma, before them, after "*possessed of;*" and the sentence, when read with that slight pause, will require the words to be construed, as relating, not to "*owns and is possessed of,*" but, to he "*hath given,*" he "*does give.*" The objection to this construction is, that it makes the words relate to words some distance off, when there are nearer words to which they might relate. But this is, by no means, an insuperable objection. The English rule, that words the nearest to each other, in place, are the closest to each other in relation, is one often not true, and, therefore, one often to be disregarded in construction. The rule is not true in any case in which the application of the rule would render the sentence or expression absurd. Would the application of the rule in this case render the expression absurd? Let us see. Turning the expression into the first person, for the sake of clearness, and reading the words, "*at his*

Hall vs. Bragg:

death," as related to the nearest words, "*owns and is pos-sessed of*," the expression will stand thus : I have given, and I do give, to Hall, Jones and Bragg, all the property which I, at my death, own and am possessed of. *Own and am possessed of* are in the present tense; consequently, they will admit before them the word now. Insert that word. The expression will then stand thus : I have given, and do give, to Hall, Jones and Bragg, all the property which I, at my death, now own and am possessed of. And here we have a plain absurdity. *Now*, and *at my death*, are treated as synonymous. And it is impossible that the present can be the future, or the future the present. Then, it would seem, that the application of the rule in this case would render the expression absurd.

On the other hand, if we read the words, "at his death," as relating to the more distant words, the words of gift, we have an expression that is common in wills, and one that has a well understood meaning. I do, at my death, give all of my property to A. B. is a kind of expression, common in wills, and, one having a meaning well under-stood. That meaning is, I give, to take effect at my death. This is the well understood meaning, although, it must be admitted, that the form of the expression is one not the best adapted to convey this meaning.

We rather think, then, that the words, "at his death," are to be construed rather as relating to the words of gift, than as relating to the words "owns and is possessed of." But concede that in this we are wrong, and that the re-verse should be the construction, would that vary the result? would that make the instrument a deed and not a will? Reversing the construction, the expression may take this form (the first person being again substituted for the third :) I have given, and I do give, to Hall, Jones and Bragg, all the property which I, at my death, own and am possessed of. Now, what is the intention indica-ted here? Plainly this: That nothing whatever shall

pass, till my death; and that, at my death, all the property, then remaining, shall pass. And this is the very essence of a will as contra-distinguished from a deed. In a deed, the intention is, that something shall immediately pass on the execution of the deed.

Even then, if we take the latter construction, the result, we think, must still be the same; namely, that the instrument must be considered a will, and not a deed.

Consequently, we think that the court below erred in excluding the instrument from the jury.

Judgment reversed and new trial granted.